

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. 3. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-6575

Re: Construction of
Senate Bill No.
123.

Your letter of May 14, 1945, requesting an opinion of this department on the question stated therein is in part as follows:

"I refer you to Senate Bill #123, recently passed.

"Does this act of the Legislature include (a) County Commissioners, (b) District Court Reporters, (c) County Treasurer, and (d) assistants of District Attorney of the 124th District Court of Gregg County?"

Senate Bill No. 123, Acts of the 49th Legislature, Regular Session, 1945, is an act amending Articles 3891, 3902 and Sections 13 and 15 of Article 3912e, as amended, allowing additional compensation for certain district officers, county and precinct officers, and for deputies, clerks and assistants; repealing Section 2 of Article 3934; repealing all laws in conflict with said act; and declaring an emergency.

Senate Bill No. 123 is in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. S. Wyche, page 2

"Section 1. That Article 3891, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(a) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 2. That Article 3902, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'9. The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 3. That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

Honorable R. S. Wyohe, page 3

"'(e) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 4. That Section 15 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(b) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 5. That Section 2 of Article 3934, Revised Civil Statutes of Texas, 1925, be and the same is hereby in all things repealed; and all laws or parts of laws in conflict with the provisions of this Act are hereby repealed insofar as they conflict."

Gregg County has a population of 58,027 inhabitants according to the 1940 Federal Census, and the last assessed tax valuation is more than $103,000,000.00. Section 13 of Article 3912e is applicable to Gregg County and the annual compensation of each official mentioned in said Section 13 authorized under the law for the fiscal year of 1944 exceeds

Honorable R. S. Wyche,    page 4

the sum of $3600.00 per annum.  Therefore, Senate Bill No. 123 has no application regarding the compensation of the county officials of Gregg County who are named in said Section 13 of Article 3912e.  The county treasurer is mentioned in said Section 13, and the law authorized a maximum compensation of more than $3600.00 for the county treasurer for the fiscal year of 1944.  This being true, said S. B. No. 123 is not applicable to the county treasurer of Gregg County.

Senate Bill No. 123 has no application regarding the compensation of county commissioners, official district court reporters and the assistants of the criminal district attorney.  The compensation of the county commissioners, official district court reporters and the assistants of the criminal district attorney of Gregg County is fixed and controlled by different statutes, and Articles 3891, 3902 and 3912e, V. A. C. S. do not pertain to the compensation of county commissioners, official district court reporters and the assistants of the criminal district attorney of Gregg County.

You are respectfully advised, as heretofore stated, it is our opinion that Senate Bill No. 123 is not applicable regarding the compensation of the officials inquired about.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED MAY 18 1945

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

AW:LJ

APPROVED
OPINION
COMMITTEE

BY *R.L.L.*
CHAIRMAN